```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       ASHEVILLE DIVISION
       1:21-cv-12-MOC-DSC
```

| | |
|---|---|
| INDIAN D. JACKSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| PARDEE MEMORIAL HOSPITAL ) | **ORDER** |
| FOUNDATION, INC., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a Partial Motion to Dismiss, filed by Defendant. (Doc. No. 4).

## I. BACKGROUND

Plaintiff Indian D. Jackson filed her Complaint in the Superior Court of Henderson County, North Carolina on November 30, 2020, naming as Defendant "Pardee Memorial Hospital Foundation, Inc. d/b/a Margaret Pardee Memorial Hospital." Defendant removed the action to this Court on January 12, 2021.

Plaintiff's Complaint alleges six causes of action: (1) violation of the North Carolina Equal Employment Practices Act ("NCEEPA"); (2) violation of North Carolina's Retaliatory Employment Discrimination Act; (3) race discrimination and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964; (4) race discrimination and hostile work environment pursuant to 42 U.S.C. § 1981; (5) a state law tort claim for negligent hiring, supervision, and retention; and (6) a state law tort claim for intentional infliction of emotional distress. On February 2, 2021, Defendant filed the pending partial motion to dismiss, seeking dismissal of Plaintiff's first, second, and fifth causes of action, pursuant to Rule 12(b)(6) of the

1

Federal Rules of Civil Procedure.  In response to the motion to dismiss, Plaintiff voluntarily dismissed her second cause of action.  (Doc. No. 7).  Thus, the only claims subject to the motion to dismiss are her first and fifth causes of action.  The parties have filed their response and reply briefs, and this matter is ripe for disposition.

The following allegations are taken as true for the purpose of the pending motion to dismiss.  Plaintiff is African-American.  (Compl. ¶ 1).  She began working in the "Emergency Room Registration Unit" at Pardee Hospital in Henderson County in March 2015, and she began working in the mail room in 2016.  (Id. ¶¶ 6-7).  She alleges that while working in the mail room, Defendant made her job difficult in numerous ways which she attributes to racial animus.  (Id. ¶ 8).  These alleged actions include not giving her keys or passwords; making her take lunch breaks in her office; comments about her natural hairstyle; and comments about getting "50 lashes."  (Id. ¶¶ 9–13).  Plaintiff reported these issues, and management employees engaged in retaliation by taking a picture of her iPad, looking through a bin of shredded documents, and putting a security guard near her.  (Id. ¶¶ 14–16).  Additionally, Plaintiff alleges that white employees made "racially hostile comments" about a video of George Floyd's death.  (Id. ¶ 17).

Plaintiff alleges that she reported these issues to management, and that nothing was done. (Id.).  Further, she claims that she took leave under the Family Medical Leave Act ("FMLA") because of these matters and began to see a psychiatrist.  (Id. ¶¶ 18–19).  Ultimately, Plaintiff alleges that she "was forced to constructively terminate on October 10, 2020."  (Id. ¶ 20).  She filed a charge with the EEOC and received a Notice of Right to sue on September 2, 2020.  (Id. ¶ 22).

**II.     STANDARD OF REVIEW AND DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for

failure to state a claim upon which relief can be granted.  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim.  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993).  Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2).  To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  The Court must draw all reasonable factual inferences in favor of the plaintiff.  Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).  In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth.  Iqbal, 556 U.S. at 678.  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief.  Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time as to the Plaintiff's fifth claim—negligent hiring, supervision, and retention—and hold it under consideration pending further development of the record.

3

As to Plaintiff's claim for relief under the NCEEPA, the Court grants the motion to dismiss this claim, as there is no private right of action under the NCEEPA, N.C. GEN. STAT. § 143-422.2. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). "While the NCEEPA 'clearly pronounces the State's public policy,' the Act itself amounts to little more than a declarative policy statement that affords plaintiffs no statutory remedies or private causes of action for its violation." Johnson v. North Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012). Thus, it provides no cause of action for claims such as "retaliation, hostile work environment, disparate treatment, or constructive discharge in violation of public policy." Jones v. Duke Energy Corp., 43 F. App'x 599, 600 (4th Cir. 2002).

## IV. CONCLUSION

Defendant's motion to dismiss is denied as to Plaintiff's claim for negligent hiring, supervision, and retention. The Court grants the motion as to Plaintiff's NCEEPA claim.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 4), is **GRANTED** in part and **DENIED** in part.

Signed: March 17, 2021

Max O. Cogburn Jr
United States District Judge